

**IT IS ORDERED as set forth below:**

**Date: October 18, 2023**

_____

**Barbara Ellis-Monro
U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 19-51667-BEM |
| Kelvin Bernard Johnson and Tracey Ann Johnson, | |
| Debtors. | CHAPTER 7 |
| S. Gregory Hays, Chapter 7 Trustee, for the Estate of Kelvin Bernard Johnson and Tracey Ann Johnson, | |
| Plaintiff, | |
| v. | ADVERSARY PROCEEDING NO. 20-06026-BEM |
| New Day Financial, LLC, | |
| Defendant. | |

## ORDER ON MOTION FOR DEFAULT JUDGMENT

This matter is before the Court on the Chapter 7 Trustee's ("Plaintiff") *Motion for Default Judgment* ("Motion"). [Doc. 10]. Plaintiff filed his complaint on February 3, 2020, and a summons was issued on February 4, 2020. [Docs. 1, 2]. Plaintiff filed a certificate of service showing service of the summons and complaint on New Day Financial, LLC ("Defendant") via first class and certified mail on February 5, 2020. [Doc. 3]. No answer or other responsive pleading was filed in the time to do so. The Clerk entered default on March 10, 2020. [Doc. 4]. On May 13, 2022, the Court entered an Order ("Status Report Order") directing Plaintiff to file a status report or to take some other action to advance the proceeding by August 12, 2022, or the Court may dismiss the matter. [Doc. 5]. On August 10, 2022, Plaintiff timely filed a Status Report stating that this adversary was on hold to conserve resources because Plaintiff was awaiting a ruling on his Rule 12(b)(6) motion to dismiss in a nearly identical matter. [Doc. 7, ¶ 6]. The Court held a status conference on July 11, 2023, where Plaintiff notified the Court that he would be filing a motion for default judgment shortly. Plaintiff filed the Motion on August 14, 2023, and the Motion is now ripe for consideration.

Default judgments are governed by Federal Rule of Civil Procedure 55(b), made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7055. Whether to enter default judgment is within the discretion of the Court. *Hays v. Wellborn Forest Prods., Inc.* (*In re Spejcher*), No. 06-62501, AP 06-6347, 2006 WL 6592065, at *1 (Bankr. N.D. Ga. Oct. 30, 2006) (Massey, J.) (citing *Hamm v. DeKalb Cty.*, 774 F.2d 1567, 1576 (11th Cir. 1985)). To warrant entry of a default judgment, "[t]here must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). When a defendant fails to answer or file a responsive pleading, the plaintiff's well-pleaded factual allegations are deemed admitted. *Id*. Facts that are not well pleaded and

conclusions of law are not deemed admitted. *Id.* Therefore, the Court must determine whether Plaintiff's well-pleaded factual allegations are sufficient to justify entry of judgment. *See EFS Inc. v. Mercer* (*In re Mercer*), No. 13-3031-WRS, AP 13-30006-WRS, 2013 WL 3367253, at *1 (Bankr. M.D. Ala. July 5, 2013).

In the complaint, Plaintiff seeks a determination that the transfer of real property to secure a debt from Debtors to Defendant may be avoided by Plaintiff under 11 U.S.C. § 544(a)(3) because the security deed executed by Debtors is patently defective. [Doc. 1, ¶ 18-20]. Further, Plaintiff seeks turnover, delivery, and transfer of Defendant's interest in the real property or the value of same to Plaintiff and to preserve the transfer for the benefit of the bankruptcy estate. The complaint includes the following factual allegations, which are deemed admitted by Defendant:

Debtors filed a voluntary Chapter 7 bankruptcy petition on January 31, 2019 (the "Petition Date"). [Case No. 19-51667, Doc. 1]. As of the Petition Date, Debtors owned real property located at 4815 Village Square Northwest, Acworth, Cobb County, Georgia 30102-3464 (the "Property"). [Doc. 1, ¶ 10]. On April 30, 2009, by way of a Warranty Deed (the "Warranty Deed") Debtors were granted an ownership interest as joint tenants with the right of survivorship in the Property. [Id.]. The Warranty Deed was recorded in the real property records with the Clerk of the Superior Court of Cobb County, Georgia on May 14, 2009. [Id.].

On December 21, 2017, Debtors executed a Security Deed (the "Security Deed") in favor of Defendant to secure a debt in the principal amount of $208,308.00 (the "First Transfer"). [Doc. 1, ¶ 11]. The Security Deed was recorded on January 3, 2018 (the "Second Transfer", together with the First Transfer as the "Transfers"). [Doc. 1, ¶ 12]. The Security Deed contains the signatures of Debtors and an unofficial witness, called "Lauryn Johnson." [Doc. 11, pg. 3].

Below the language "[S]pace Below This Line For Acknowledgement," the Security Deed contains a clause in which a notary public (the "Notary") signed to the statement, "[t]his record was attested before me on December 21, 2017 by [Debtors], who proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me" (the "Clause"). [Doc. 1, pg. 20]. Just below this text is a notation that Debtors produced identification to the Notary, in the form of Debtors' driver's license identification numbers, and the Notary's signature and seal follow accordingly. [Id.].

Plaintiff asserts claims in the Complaint, (1) to avoid the Transfers under 11 U.S.C. § 544(a)(3); (2) for recovery from Defendant under 11 U.S.C. § 550(a); and (3) for preservation of the avoided Transfers under 11 U.S.C. § 551. [Doc. 1].

Plaintiff contends that the Security Deed is patently defective because Debtors' execution of the Security Deed was not attested by an official witness as is required under Georgia law. O.C.G.A. § 44-14-61; [Doc. 1, ¶ 18]. Plaintiff argues that this does not provide constructive or actual notice of any security interest to a bona fide purchaser and therefore, Plaintiff, as a hypothetical bona fide purchaser of real property, has a claim in the Property superior to Defendant's allowing Plaintiff to avoid the transfer under 11 U.S.C. § 544(a)(3). [Doc. 1, ¶ 18-20].

State law determines the rights that a trustee enjoys in its strong-arm status as a hypothetical bona fide purchaser. 11 U.S.C. § 544(a)(1); *Old W. Annuity & Life Ins. Co. v. Apollo Grp.*, 605 F.3d 856, 864 (11th Cir. 2010); *see also Weed v. Washington* (*In re Washington*), 242 F.3d 1320, 1322–23 (11th Cir. 2001); *Henderson v. Suntrust Bank Northwest Georgia* (*In re Henderson*), No. 01–41869–CRM, AP 02-5046, 284 B.R. 515, 517 (Bankr. N.D. Ga. 2002) (Mullins, J.). Because the Property is located in Georgia, the Court will apply Georgia law.

4

O.C.G.A. § 44-14-61 (the "Recording Statute") provides that: "[i]n order to admit deeds to secure debt or bills of sale to secure debt to record, they shall be signed by the maker, *attested* by an officer as provided in Code Section 44-2-15, *and attested* by one other witness." O.C.G.A. § 44-14-61 (emphasis added). A notary public is an official witness. *Id.*; O.C.G.A. § 44-2-15. "Whereas 'to attest a deed means to see it signed and then add one's own signature as a declaration of that fact,' mere acknowledgement is 'the act of a grantor in going before some competent officer and declaring the paper to be his deed.'" *Scarver v. Caliber Home Loans, Inc.* (*Matter of Handrix*), No. 19-63108-LRC, AP 20-06025-LRC, 2023 WL 2051889, at *3 (Bankr. N.D. Ga. Feb. 13, 2023) (Ritchey Craig, J.) (citing *In re Lindstrom*, 30 F.4th 1086, 1090 (11th Cir. 2022)). The law changed in 2015 such that an official witness's acknowledgement alone does not suffice, rather attestation is required to comply with the Recording Statute. *Layng v. United Wholesale Mortg.* (*In re Kim*), No. 19-62423-LRC, AP 20-6024-LRC, 2023 WL 2466430, at *2 (Bankr. N.D. Ga. Mar. 10, 2023) (Ritchey Craig, J.).

"If a security deed is not attested by two witnesses, one of whom is an official witness, then it is patently defective, does not provide constructive notice to a bona fide purchaser even if recorded, and may be avoided by a chapter 7 trustee using the strong-arm powers under 11 U.S.C. § 544". *In re Modi*, No. 22-58929-WLH, 2023 WL 3909470, at *6 (Bankr. N.D. Ga. June 8, 2023) (Hagenau, J.); *see Lindstrom*, 30 F.4th at 1091 ("[N]o one disputes that the deed was missing the required attestation by an official. As a result, the trustee can 'avoid' the deed unless the loan companies find a way to save it."); *see also U.S. Bank, N.A. v. Gordon*, 289 Ga. 12, 14-15 (2011); *Gordon v. Wells Fargo, N.A.* (*In re Knight*), 504 B.R. 668, 674-75 (Bankr. N.D. Ga. 2014) (Hagenau, J.).

Plaintiff attacks the recordation of the Security Deed on the grounds that it was not attested by an official, and the Court agrees. It is the Court's role to determine whether ambiguity exists in a deed. *Kim*, 2023 WL 2466430, at \*2. "Ambiguity exists when the language may be fairly understood in more than one way." *Id.* (citing *Caswell v. Anderson*, 241 Ga. App. 703, 705 (2000)). Here, the notary signed the statement, "[T]his record was attested before me . . . by [Debtors], who proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me." The Court in *Kim* found the same language was not an attestation. Although "there are no specific words or precise form required" for attestation, the passive use of "was attested" places Debtors in the position of witnesses to their own signatures, which is not permitted. *Kim*, 2023 WL 2466430, at \*2 (citing *In re Simpson*, 544 B.R. 913, 919 (Bankr. N.D. Ga. 2016) (Hagenau, J.)). Therefore, the Clause is effectively meaningless, and the Court cannot find that the Clause serves as a proper attestation in accordance with the Recording Statute.[1]

In conclusion, because the Security Deed lacks attestation by an official witness, which is a patent defect, the Security Deed fails to provide actual or constructive notice to a bona fide purchaser notwithstanding recordation. As a result, Plaintiff may avoid the Transfers under 11 U.S.C. § 544(a)(3) and recover from Defendant, as the immediate transferee of an interest in the Property from Debtor, Defendant's interest in the Property under 11 U.S.C. § 550. Further, the avoided Transfers are preserved for the benefit of the Bankruptcy Estate under 11 U.S.C. § 551.

For the foregoing reasons, it is

ORDERED that the Motion is **GRANTED**, and Plaintiff is entitled to judgment on all counts of the complaint. It is further

---

[1] The Court is aware that O.C.G.A. § 44-2-18 acts as a remedial statute when a security deed is found to have neither been acknowledged nor attested before an official witness. However, that statute requires an affidavit by a subscribing witness, and there is no allegation that such an affidavit has been executed in this case. *See Kim*, 2023 WL 2466430, at \*3.

ORDERED that a separate judgment in favor of Plaintiff will be entered.

**END OF ORDER**

## **Distribution List**

Michael J. Bargar
Rountree Leitman Klein & Geer LLC
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, GA 30329

Robert Posner, CEO
New Day Financial, LLC
8160 Maple Lawn Boulevard
Fulton, MD 20759

New Day Financial, LLC
c/o Registered Agent Solutions, Inc., its
Registered Agent
900 Old Roswell Lakes Parkway
Suite 310
Roswell, GA 30076